BLAISE & NITSCHKE, P.C.
HEATHER L. BLAISE, ESQ. (SBN 261619)
145 S. Wells Street, Suite 1800
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com

Attorneys for Plaintiff,
LANCE HARA p/k/a VICKY VOX

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE HARA p/k/a VICKY VOX,<br><br>Plaintiff,<br><br>v.<br><br>NETFLIX, INC., TITMOUSE, INC., LOL SEND, INC., FREMULON, LLC, UNIVERSAL TELEVISION, LLC, HAZY MILLS PRODUCTIONS, INC., 3 ARTS ENTERTAINMENT, LLC,<br><br>Defendants. | CASE NO: 2:23-cv-03456<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>**1) FALSE ENDORSEMENT (SECTION 43(A) OF THE LANHAM ACT, 15 U.S.C. § 1125(A)); 2) VIOLATIONS OF CALIFORNIA STATUTORY RIGHT OF PUBLICITY (CAL. CIV. CODE § 3344); and 3) VIOLATIONS OF CALIFORNIA COMMON LAW RIGHT OF PUBLICITY**<br><br>**DEMAND FOR JURY TRIAL** |

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338 (federal question) and supplemental jurisdiction over Plaintiff's State claims pursuant to 28 U.S.C. § 1367.

2. This Court has personal jurisdiction over Defendants in that, among other things, Defendants do business in this Judicial District, and Plaintiff does business and

is suffering harm in this Judicial District.

3.   Venue is proper in this Judicial district pursuant to 28 U.S.C. §§ 1391(b)-(d) and 1400(a).

## THE PARTIES

4.   Plaintiff LANCE HARA p/k/a VICKY VOX (hereinafter "Vicky Vox"), is now, and at all times mentioned in this Complaint was, a citizen of the United States, domiciled in Los Angeles, California.

5.   Defendant NETFLIX, INC., is now, and at all times mentioned in this Complaint was, a corporation with its principal place of business at 121 Albright Way, Los Gatos, CA 95032.

6.   Defendant TITMOUSE, INC., is now, and at all times mentioned in this Complaint was, a corporation with its principal place of business at 2835 N. Naomi Street, Burbank, CA 91504.

7.   Defendant LOL SEND, INC., is now, and at all times mentioned in this Complaint was, a corporation with its principal place of business at 1800 Century Park East, Suite 400, Los Angeles, CA 90067.

8.   Upon information and belief, Defendant FREMULON, LLC is now, and at all times mentioned in this Complaint was, a limited liability company with its principal place of business at 1888 Century Park East, Suite 900, Los Angeles, CA 90067.

9.   Defendant UNIVERSAL TELEVISION, LLC is now, and at all times mentioned in this Complaint was, a limited liability company with its principal place of business at 100 Universal City Plaza, Universal City, CA 91608.

10.   Defendant HAZY MILLS PRODUCTIONS, INC., is now, and at all times mentioned in this Complaint was, a corporation with its principal place of business at 100 Universal City Plaza, Bungalow 4131, Universal City, CA 91608.

11.   Defendant 3 ARTS ENTERTAINMENT, LLC is now, and at all times

mentioned in this Complaint was, a limited liability company with its principal place of business at 9460 Wilshire Blvd., Beverly Hills, CA 90212.

## BACKGROUND

12. Vicky Vox is a well-known Drag Queen in Hollywood, who hosts VIP events from the Roosevelt Hotel in Hollywood to Hamburger Mary's in West Hollywood. Ms. Vox is best known for her drag band DWV, alongside the world-renowned Detox and Willam Belli.

13. As a lyricist, Ms. Vox has worked as a session singer and voice over actor. In 2018, Ms. Vox starred as the human-eating alien plant Audrey II in the critically acclaimed Regent's Park Open Air Theatre production of Little Shop of Horrors, for which she was nominated Best Supporting Actress in a Musical. Ms. Vox also received a nomination for iHeart Radio's Best Spirituality and Religion Podcast for her series Doing Great with Vicky Vox, in which she read playing cards like the tarot deck to interview Drag Queens and celebrities like Nicole Byer. Ms. Vox has enjoyed numerous spots on reality TV shows like My Kitchen Rules, Millionaire Matchmaker, and The Hills reboot.

14. Alongside her own, Vicky Vox has appeared in countless music videos for artists like Kesha. Ms. Vox's previous credits include the BBC Radio Show FOILED, The Vicky Vox Project (2020), WhatsOnStage Awards Host (2019), Electronic Music Awards Host (2017), Tori Snatch in Magic Mike XXL (2015), Runway Model for Marco Marco (collection 2, collection 4), and former brand ambassador for Obsessive Compulsive Cosmetics.

15. Ms. Vox alone holds the publicity rights, including the use of Ms. Vox's name, likeness, image, and identity for commercial purposes.

16. Netflix, Inc., Titmouse, Inc., LOL Send, Inc., Fremulon, LLC, Universal Television, LLC, Hazy Mills Productions, Inc., and 3 Arts Entertainment, LLC (hereinafter "Defendants") are using Ms. Vox's name, image, and/or likeness in

Defendants' show, Q-Force, and the advertising and marketing efforts for said show.

17. On or about June 2021, the "Official Teaser" for Q-Force, posted to YouTube by Netflix at the following URL (https://www.youtube.com/watch?v=Fk9s-zTbq28) displays currently identified infringement, as does each and every publication of Episode 5 of Q-Force.

18. The above-linked advertisement, released during Pride Month, begins with a profile shot of a cartoon representation of Ms. Vox's face, followed by four seconds of a full-body shot of the same cartoon representation of Ms. Vox.

19. These shots make up more than 12% of the advertisement and provide viewers with their initial impression and potential source of interest in the show. Defendants produced and distributed a longer version of the shot in Episode 5 of Q-Force, beginning around 1:50 into the episode.

20. Defendants' misappropriation of Ms. Vox's name, image, and/or likeness in the show Q-Force is yet another example in a pattern of problematic behavior toward the LGBTQ+ community by Netflix.

21. In or about October 2021, Netflix released the hate-filled, dehumanizing comedy special, "The Closer" by Dave Chappelle. Using the platform Netflix provided, Chappelle dismissed the humanity of transgender people, including Ms. Vox, in an unfortunate attempt at humor.

22. Simultaneously, Defendants misappropriated Ms. Vox's name, image, and/or likeness in Q-Force, a reductive show that relies on harmful stereotypes for a similarly unfortunate attempt at humor.

### FIRST CLAIM FOR RELIEF
### UNFAIR COMPETITION AND FALSE ENDORSEMENT
### (SECTION 43(A) OF THE LANHAM ACT, 15 U.S.C. § 1125(A))

23. Plaintiff repeats, alleges, and incorporates by reference Paragraphs 1 through 22, as though fully set forth herein.

24. Since approximately in or about June 2021 to the date of this Complaint,

Defendants have advertised and marketed the show Q-Force featuring Ms. Vox's name, image, and/or likeness in a profile shot of a cartoon representation of Ms. Vox's face, followed by four seconds of a full-body shot of the same cartoon representation of Ms. Vox.

25. Defendants, by their intentional and unauthorized appropriation and use of Ms. Vox's image and likeness have engaged, and are continuing to engage, in acts of the wrongful deception of the public, with the effect of confusing customers into believing that Defendants are legitimately connected with, or sponsored or approved by Vicky Vox, along with wrongful deprivation of Ms. Vox's good name and reputation.

26. Defendants' use of the likeness of Ms. Vox constitutes a false designation or origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, mistake, or to deceive as to the endorsement, affiliation, connection, or association of Defendants with Ms. Vox.

27. Defendants' unauthorized and infringing activities as described herein have been knowing, intentional, and malicious, and their misuses were carried out with the intent to trade upon the goodwill and reputation of Ms. Vox.

## SECOND CLAIM FOR RELIEF
### VIOLATIONS OF CALIFORNIA STATUTORY RIGHT OF PUBLICITY
### (CAL. CIV. CODE § 3344)

28. Plaintiff repeats, alleges, and incorporates by reference Paragraphs 1 through 27, as set forth herein.

29. No one other than Ms. Vox holds her publicity rights, including the use of Ms. Vox's name, image, likeness, and identity for commercial purposes.

30. Plaintiff is informed and believes that in or about June 2021, and continuing to this date, Defendants have willfully and knowingly infringed on the publicity rights of Ms. Vox for their own purpose of have advertised and marketed the show Q-Force featuring Ms. Vox's name, image, and/or likeness in a cartoon

representation of Ms. Vox's face, even after being informed of this claim.

31. The appropriations were unauthorized and without Plaintiff's consent.

32. The appropriations usurped Plaintiff's ability to control the subject publicity rights and diluted her ability to effectively market such images, all to the detriment of Plaintiff.

33. Plaintiff is informed and believes, and on other basis, alleges that as a proximate result of the advantage accruing to Defendants from said appropriation, Plaintiff has been/or will be deprived of monetary sums in an amount to be determined in the further course of this litigation.

34. Defendants' actions caused confusion in the marketplace. Namely, Ms. Vox's fans were placed under the false belief that such use was actually authorized by Ms. Vox.

35. Defendants' acts of violation of statutory right of publicity against Plaintiff have caused Plaintiff damage in that the value of merchandise actually authorized by Plaintiff is diluted in the marketplace.

36. In addition, Ms. Vox's goodwill, reputation, and business has been and will continue to be irreparably harmed by Defendants unless it is enjoined from their exploitative and infringing commercial business practices and from using Ms. Vox's image and likeness. Given Ms. Vox's established brand and image, professional reputation, and moral commitment as a champion for the working class, she never would have licensed her image or likeness in connection with the show Q-Force.

37. Ms. Vox would have never authorized Defendants to use her image or likeness as it would never be in her interest to be associated with aforesaid show which does not incarnate any of the values Ms. Vox represents and to which she has dedicated most parts of her life.

38. As a result, Ms. Vox is appalled, disgusted, and embarrassed to see her image and/or likeness falsely endorsing Defendants' products because such

unauthorized use creates a perception of hypocrisy in the public eye and irreparably undermines the important international social work that has been Ms. Vox's adult life's mission, the value of which is immense and cannot be overstated.

39. Importantly, Vicky Vox's fans are disappointed to see Ms. Vox's image offered in connection with the show Q-Force, thereby tarnishing the reputation of Ms. Vox.

### THIRD CLAIM FOR RELIEF
### VIOLATIONS OF CALIFORNIA COMMON LAW RIGHT OF PUBLICITY

40. Plaintiff repeats, alleges, and incorporates by reference Paragraphs 1 through 39, as though fully set forth herein.

41. Plaintiff is informed and believes that in or about June 2021, Defendants willfully and knowingly infringed on the publicity rights of Ms. Vox for their own purpose of advertising and marketing the show Q-Force featuring Ms. Vox's name, image, and/or likeness in a cartoon representation of Ms. Vox's face.

42. No one other than Plaintiff holds a license or any other form of consent from Ms. Vox to use her image, likeness, or identity.

43. The appropriation usurped Plaintiff's ability to control the subject publicity rights and diluted her ability to effectively market such images, all to the detriment of Plaintiff.

44. Plaintiff is informed and believes, and on that basis, alleges that as a proximate result of the advantage accruing to Defendants from said appropriation, Plaintiff has been and/or will be deprived of monetary sums in an amount to be determined at trial.

### FOURTH CLAIM FOR RELIEF
### INVASION OF PRIVACY BY APPROPRIATION

45. Plaintiff repeats, alleges, and incorporates by reference Paragraphs 1 through 44, as though fully set forth herein.

46. Plaintiff is informed and believes that in or about June 2021, Defendants

willfully and knowingly invaded her privacy by appropriating her likeness for commercial gain by depicting her as a cartoon.

47. Defendants' appropriation of Plaintiff's likeness has caused Plaintiff injury to her human dignity and self-esteem and has caused her mental distress.

48. Defendants' use of Plaintiff's likeness depicts her as an unspeaking background character whose sole role is to perform a fan "thworp" as a punchline to another character's joke, thus reducing her identity, her long and accomplished career, and her regular presence at Hamburger Mary's WeHo to a mere element of the setting, a part of the furniture.

49. The television show Q-Force has been widely panned and criticized by members of the LGBTQ+ community for upholding and reinforcing harmful stereotypes about the LGBTQ+ community, and Plaintiff's unconsented association with Q-Force has caused her mental distress and significant dignitary harm with monetary damages in an amount to be determined at trial.

50. Netflix has produced and aired such productions as Dave Chappelle's "The Closer," in which Mr. Chappelle dehumanizes, diminishes, and defames the transgender community, of which Plaintiff is part, and Plaintiff's unconsented association with a network that would air such products has caused her mental distress and significant dignitary harm with monetary damages in an amount to be determined at trial.

WHEREFORE, Plaintiff, LANCE HARA p/k/a VICKY VOX, by and through her attorneys, respectfully prays for judgment against Defendants, NETFLIX, INC., TITMOUSE, INC., LOL SEND, INC., FREMULON, LLC, UNIVERSAL TELEVISION, LLC, HAZY MILLS PRODUCTIONS, INC., 3 ARTS ENTERTAINMENT, LLC, for:

A.  Compensatory damages for Defendants' unauthorized use of Ms. Vox's image and/or likeness;

B. An accounting for, and payment to the Plaintiff as actual damages, all gains, profit, and advantages derived by Defendants as a result of their unfair trade practices, unfair competition, and false endorsement;

C. Additional damages for an amount determined in the further course of this litigation for unfair and deceptive trade practices, competition, and false endorsement;

D. Punitive damages for willful violation of Cal. Civ. Code § 3344;

E. Reasonable attorneys' fees;

F. The costs of this action including, but not limited to, expert fees;

G. Pre-judgment interest according to law; and

H. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

DATED: May 5, 2023

Respectfully submitted,
**LANCE HARA p/k/a VICKY VOX**
  */s/ Heather L. Blaise*
HEATHER L. BLAISE, ESQ. (SBN 261619)
145 S. Wells Street, Suite 1800
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com
*Attorney for Plaintiff*