UNITED STATES DISTRICT COURT                No JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-03456-RGK-AS | Date | August 22, 2023 |
|---|---|---|---|
| Title | *Lance Hara v. Netflix, Inc. et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendants' Special Motion to Strike Complaint and Motion to Dismiss [DEs 29, 30]

## I.  INTRODUCTION

On May 5, 2023, Lance Hara ("Plaintiff") filed a Complaint against Netflix, Inc., Titmouse, Inc., LOL Send, Inc., Fremulon, LLC, Universal Television, LLC, Hazy Mills Productions, Inc., and 3 Arts Entertainment, LLC (collectively, "Defendants"). (ECF No. 1.) Plaintiff alleges that Defendants misappropriated her likeness in violation of federal and state law. Presently before the Court are Defendants' Special Motion to Strike pursuant to California's anti-SLAPP (strategic lawsuit against public participation) statute and Motion to Dismiss. (ECF Nos. 29, 30.) For the following reasons, the Court **GRANTS** the Motion to Dismiss with respect to Plaintiff's federal claim and **DEFERS** consideration of the Special Motion to Strike.

## II.  FACTUAL BACKGROUND

The following facts are alleged in the Complaint unless otherwise noted:

Plaintiff, professionally known as Vicky Vox, is a well-known drag queen in Hollywood who has appeared in numerous forms of media, including television, radio, and music videos. (Compl. ¶¶ 12–14.) Plaintiff is also known for hosting numerous VIP events at venues in Los Angeles and West Hollywood, and for appearing in her drag band alongside other famous drag queens. (*Id.* ¶ 12.)

Although their individual roles are not clear in the Complaint, Defendants are involved in the creation and distribution of Q-Force (the "Series"), an animated television series streaming on Netflix. (*Id.* ¶¶ 16–17.) The Series, according to Defendants, is "a fanciful animated television series that subverts the traditional ultra-masculine spy genre and instead focuses on a cast of misfit LGBTQ spies who come together to fight international crime while simultaneously navigating queer life in West Hollywood, California." (Mot. to Dismiss at 1.) Plaintiff characterizes the Series quite differently, as

UNITED STATES DISTRICT COURT $\qquad$ No JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-03456-RGK-AS | Date | August 22, 2023 |
|---|---|---|---|
| Title | *Lance Hara v. Netflix, Inc. et al* | | |

having "been widely panned and criticized by members of the LGBTQ+ community for upholding and reinforcing harmful stereotypes about the LGBTQ+ community." (Compl. ¶ 49.)

Defendants misappropriated Plaintiff's "name, image, and/or likeness in a profile shot of a cartoon representation of [her] face, followed by four seconds of a full-body shot of the same cartoon representation." (*Id.* ¶ 24.) This representation appears in one episode of the series, as well as in a promotional teaser (the "Teaser"). (*Id.* ¶¶ 17, 19.) It appears that the alleged misappropriation depicts Plaintiff "sitting at a West Hollywood gay bar with one of the Series' main characters." (Mot. to Dismiss at 1.)

### III.   JUDICIAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the plaintiff alleges enough facts to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* A plaintiff need not provide "detailed factual allegations" but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a Rule 12(b)(6) motion, the Court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The Court must also "construe the pleadings in the light most favorable to the nonmoving party." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012). The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

### IV.   DISCUSSION

Plaintiff asserts one Lanham Act claim, as well as three related claims for misappropriation of her likeness under California law. Defendants move to dismiss all claims pursuant to Rule 12(b)(6), and separately move to strike all state law claims pursuant to California's anti-SLAPP statute.

Because Plaintiff solely asserts federal question jurisdiction, the Court must have jurisdiction over the federal Lanham Act claim in order to exercise jurisdiction over the state claims. *Hunter v. United Van Lines*, 746 F.2d 635, 649 (9th Cir. 1984). Therefore, the Court first addresses the Motion to Dismiss the Lanham Act claim.

UNITED STATES DISTRICT COURT   No JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-03456-RGK-AS | Date | August 22, 2023 |
|---|---|---|---|
| Title | *Lance Hara v. Netflix, Inc. et al* | | |

### A.  Motion to Dismiss the Lanham Act Claim

Section 43(a) of the Lanham Act prohibits the misappropriation of a person's likeness which is "likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." 15 U.S.C. § 1125(a)(1)(A). When a plaintiff alleges that her likeness was misappropriated in an expressive work, she may survive a motion to dismiss if she can show that either (1) the alleged use of her likeness has no artistic relevance to the underlying work whatsoever or (2) her representation explicitly misleads viewers as to the source of the content. *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1242 (9th Cir. 2013). This two-pronged test is commonly referred to as the *Rogers* test.[1] *Id.* (citing *Rogers v. Grimaldi*, 875 F.2d 994, 999 (2d Cir. 1989)).

#### 1.  *Plausibility*

Plaintiff's factual allegations are sparse, falling short of the plausibility standard set forth in *Twombly* and *Iqbal*.[2] Most notably, Plaintiff does not make any allegations regarding characteristics she shares with the animated figure that allow the court to plausibly infer that it resembles her. Instead, Plaintiff alleges in conclusory fashion that Defendants have misappropriated her likeness. Accordingly, the Court **GRANTS** the Motion with respect to the Lanham Act claim and **DISMISSES** the claim.

Plaintiff requests leave to amend her Complaint if it is deemed insufficient. Leave to amend should be granted "absent a clear showing that amendment would be futile." *Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015). Therefore, notwithstanding the Complaint's factual shortcomings, the Court analyzes the legal sufficiency of Plaintiff's claims to determine whether amendment is futile in this instance.

#### 2.  *The* Rogers *Test*

---

[1] Plaintiff's argument that this Court should not apply the *Rogers* test based on the U.S. Supreme Court's recent holding in *Jack Daniel's Properties, Inc v. VIP Products, LLC*, 599 U.S. 140 (2023) is unavailing. In *Jack Daniel's*, the Court held that the *Rogers* test is inapplicable in trademark cases involving misappropriation that may result in consumer confusion regarding who manufactured or created a product. *Id.* at 1583. Here, the alleged infringement does not identify Plaintiff as the source of the Series. Therefore, controlling Ninth Circuit law requires the application of the *Rogers* test in this case. *Brown*, 724 F.3d at 1241.

[2] Plaintiff submits—and Defendants object to—a declaration with additional factual allegations. (ECF Nos. 33-1, 37.) Because the Court does not consider a plaintiff's factual allegations outside of the pleadings on a motion to dismiss pursuant to Rule 12(b)(6), the Objection is **SUSTAINED**.

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

No JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-03456-RGK-AS | Date | August 22, 2023 |
|---|---|---|---|
| Title | *Lance Hara v. Netflix, Inc. et al* | | |

The *Rogers* test is applicable only to expressive works. *Brown*, 724 F.3d at 1241. Therefore, before evaluating the two prongs of the *Rogers* test, the Court must make the threshold determination of whether the Series and Teaser are expressive works entitled to heightened First Amendment protection. *Id.*

      a.    *Expressive Work*

Plaintiff argues that the Series and Teaser are not expressive works because they "were created for the commercial purpose of obtaining viewership on a for-profit video streaming service." (Opp'n at 3, ECF No. 33.) The Court disagrees. "Expressive works" encompass a wide variety of media traditionally made commercially available and sold for profit, including books, plays, movies, and video games. *Brown*, 724 F.3d at 1241. Additionally, advertisements for expressive works are properly evaluated under the *Rogers* test. *Twentieth Century Fox Television v. Empire Distrib. Inc.*, 875 F.3d 1192, 1196–97 (9th Cir. 2017). The Series is clearly an expressive work, as it "communicate[s] ideas—and even social messages—through many familiar literary devices (such as characters, dialogue, plot, and music)." *Brown*, 724 F.3d at 1241 (quoting *Brown v. Ent. Merchs. Ass'n*, 564 U.S. 786, 790 (2011)). The Court next turns to each prong of the *Rogers* test.

      b.    *Artistic Relevance*

Misappropriation of an individual's likeness in an expressive work is actionable if it "has no artistic relevance to the underlying work whatsoever." *Id.* at 1239. This requirement for artistic relevance is minimal, requiring "the level of relevance merely . . . be above zero." *E.S.S. Ent. 2000, Inc. v. Rock Star Videos, Inc.*, 547 F.3d 1095, 1100 (9th Cir. 2008). For example, in *Brown*, the Ninth Circuit held that the portrayal of a famous football player in a video game depicting NFL football was artistically relevant "[g]iven the acknowledged centrality of realism to [the defendant's] expressive goal, and the importance of including [the plaintiff's] likeness to realistically recreate" the sport. *Brown*, 724 F.3d at 1243. By contrast, arbitrary usage of a name or likeness does not meet the artistic relevance requirement. *See Parks v. LaFace Recs.*, 329 F.3d 437, 456 (6th Cir. 2003) (finding summary judgment for the defendant was improper because the song title "Rosa Parks" "could not be said [to be] clearly relevant to the lyrics of the song"); *see also Empire Distrib.*, 875 F.3d at 1199 (citing *Parks* with approval).

Here, Plaintiff—a drag queen known for hosting events in West Hollywood—alleges that her likeness appears in a show featuring LGBTQ+ characters that takes place in West Hollywood. Therefore, Plaintiff's inclusion—even if properly pleaded with sufficient factual allegations—is artistically relevant to the Series and accompanying Teaser. Because this deficiency cannot be cured by an amended complaint, Plaintiff must demonstrate at least some possibility of prevailing on the second prong of the *Rogers* test to avoid dismissal with prejudice.

UNITED STATES DISTRICT COURT            No JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-03456-RGK-AS | Date | August 22, 2023 |
|---|---|---|---|
| Title | *Lance Hara v. Netflix, Inc. et al* | | |

      c.    *Explicitly Misleading*

Notwithstanding artistic relevance, misappropriation of a name or likeness in an expressive work is actionable under the Lanham Act if the author of the work explicitly misleads its audience about the source of the content. *Brown*, 724 F.3d at 1245. When evaluating this prong, a "key" consideration is "that the creator must *explicitly* mislead consumers." *Id.* (emphasis in original). The mere appearance of a name or likeness in an expressive work is not sufficient to render it misleading. *Id.* Instead, to be liable for misappropriation under the Lanham Act, a defendant must make "an explicit indication, overt claim, or explicit misstatement" to mislead. *Id.* (quoting *Rogers*, 875 F.2d at 1001) (internal quotation marks omitted). This prong of the *Rogers* test is designed to "avoid confusion in the marketplace" and "prevent others from duping consumers into buying a product they mistakenly believe is sponsored by the trademark owner." *Id.* (quoting *E.S.S.*, 547 F.3d at 1100).

Here, as in *Brown*, Plaintiff argues that by merely including her likeness in the Series and Teaser, Defendants have misled viewers. Plaintiff alleges that viewers are under the mistaken impression that she endorses the Series and that her "fans are disappointed to see [her] image offered in connection with [the Series]." (Compl. ¶¶ 25, 39.) But allegations regarding "the impact of the use" are insufficient to show that a content creator explicitly misled consumers. *Brown*, 724 F.3d at 1246. Indeed, in *Brown*, the Court reasoned, "[e]ven if [the plaintiff] could offer a survey demonstrating that consumers . . . believed that [he] endorsed the game, that would not support the claim that the use was explicitly misleading consumers." *Id.*

Therefore, Plaintiff fails to plausibly allege that Defendants explicitly misled viewers. But unlike the pleading deficiencies with respect to the first prong of the *Rogers* test, there is at least some possibility that additional factual allegations could plausibly state a claim upon which relief can be granted. Accordingly, given the liberal policy in favor of amendment, the Court **grants Plaintiff leave to file an amended claim within 14 days of this Order's issuance.**

    **B.**    <u>**Motion to Dismiss State Law Claims and Special Motion to Strike**</u>

Having dismissed the Lanham Act claim, the Court lacks jurisdiction over the state law claims at this time. *Hunter*, 746 F.2d at 649. In addition to moving to dismiss these claims pursuant to Rule 12(b)(6), Defendants also move to strike the state law claims under California's anti-SLAPP statute. The Court views the possibility that Plaintiff will file a truthful amended complaint that cures the defects identified in this Order with significant skepticism. Therefore, it need not further address the state law claims—including the Special Motion to Strike—at this time.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

No JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-03456-RGK-AS | Date | August 22, 2023 |
|---|---|---|---|
| Title | *Lance Hara v. Netflix, Inc. et al* | | |

### V. CONCLUSION

For the foregoing reasons, the Court **DEFERS** consideration of the Special Motion to Strike. Additionally, the Court **GRANTS** the Motion to Dismiss with respect to the Lanham Act claim and **DISMISSES** the claim **without prejudice.** If Plaintiff does not file an amended complaint **within 14 days** of this Order's issuance, all claims in this action shall be dismissed in their entirety.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/ak |