UNITED STATES DISTRICT COURT   JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-03456-RGK-AS | Date | October 26, 2023 |
|---|---|---|---|
| Title | *Lance Hara v. Netflix, Inc. et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Defendants' Special Motion to Strike Complaint and Motion to Dismiss [DEs 51, 52]**

On May 5, 2023, Lance Hara ("Plaintiff") filed a Complaint against Netflix, Inc., Titmouse, Inc., LOL Send, Inc., Fremulon, LLC, Universal Television, LLC, Hazy Mills Productions, Inc., and 3 Arts Entertainment, LLC (collectively, "Entity Defendants"). (ECF No. 1.) Plaintiff, a famous drag queen, alleged that the Entity Defendants, the creators and producers of a television series ("Series"), misappropriated her likeness in violation of the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, because the Series included an animated character that resembles her. Plaintiff also asserted two related state claims.

The Entity Defendants moved to dismiss the Complaint. (ECF No. 30.) Additionally, the Entity Defendants filed a Special Motion to Strike the state law claims pursuant to California's anti-SLAPP (strategic lawsuit against public participation) statute. (ECF No. 29.) The Court granted the Motion to Dismiss with respect to the federal claim. (ECF No. 41.) Because the Series is an expressive work, the Court applied the *Rogers* test to Plaintiff's Lanham Act claim. Under the *Rogers* test, a plaintiff alleging misappropriation of her likeness must show that either (1) the alleged use of her likeness has no artistic relevance to the underlying work whatsoever or (2) her representation explicitly misleads viewers as to the source of the content. *Brown v. Elec. Arts, Inc.*, 742 F.3d 1235, 1242 (9th Cir. 2013) (citing *Rogers v. Grimaldi*, 875 F.2d 994, 999 (2d Cir. 1989)).

The Court determined that Plaintiff's alleged appearance in the show is artistically relevant to the Series and that Plaintiff did not allege that the Entity Defendants explicitly misled viewers. Nonetheless, the Court considered that there was "at least some possibility that additional factual allegations could plausibly state a claim upon which relief can be granted." (Order Re: Defs.' Special Mot. to Strike Compl. and Mot. to Dismiss at 5.) Accordingly, the Court granted Plaintiff leave to file an amended complaint. Because the Court was highly skeptical that Plaintiff would be able to properly plead a federal claim, the Court deferred consideration of the Special Motion to Strike.

UNITED STATES DISTRICT COURT  JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-03456-RGK-AS | Date | October 26, 2023 |
|---|---|---|---|
| Title | *Lance Hara v. Netflix, Inc. et al* | | |

On September 6, 2023, Plaintiff filed a First Amended Complaint ("FAC") against the Entity Defendants as well as Gabe Liedman, Michael Schur, Sean Hayes, Todd Milliner, Ben Heins, David Miner, and Max Silvestri (together with Entity Defendants, "Defendants"). (ECF No. 43.) In addition to the claims asserted in the Complaint, the FAC asserts two additional Lanham Act claims and an additional state claim for invasion of privacy by appropriation. Defendants filed a second Special Motion to Strike the state claims and moved to dismiss the FAC. (ECF Nos. 51, 52.)

Despite the Court's explicit finding that Plaintiff's Lanham Act claim could not survive absent allegations that Defendants explicitly misled viewers regarding the source of the content, the FAC fails to make any such allegation. In her Opposition, Plaintiff argues that the *Rogers* test is inapplicable because of the U.S. Supreme Court's recent holding in *Jack Daniel's Properties, Inc. v. VIP Products, LLC*, 599 U.S. 140 (2023). Plaintiff further contends that the Series and advertisements promoting it are commercial speech and that consumer confusion is evidence that Defendants explicitly misled viewers. The Court addressed (and rejected) each of these arguments in its previous Order dismissing the Complaint, and it need not address them again here.

In short, the FAC's pleading of the Lanham Act claims suffers the same deficiencies as the Complaint. Plaintiff solely asserts federal question jurisdiction. Therefore, without a viable federal claim, the Court lacks subject matter jurisdiction over the remaining state law claims. *Hunter v. United Van Lines*, 746 F.2d 635, 649 (9th Cir. 1984). Accordingly, the Court **dismisses the federal claims with prejudice and dismisses the state claims for lack of subject matter jurisdiction**, thereby dismissing the FAC in its entirety and **GRANTING** the Motion to Dismiss. The Court **DENIES** the Special Motion to Strike as moot.

**IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | *JRE/ak* |